IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SOUTHWEST COMMUNITY RESOURCES, INC., a New Mexico corporation, SOUTHWEST ORGANIZING PROJECT, a project of SOUTHWEST COMMUNITY RESOURCES, INC., and JEANNE GAUNA, in her individual capacity and as Co-Director of SOUTHWEST ORGANIZING PROJECT,<br><br>    Plaintiffs,<br><br>vs.<br><br>SIMON DeBARTOLO GROUP, INC., owner of COTTONWOOD MALL, and d/b/a COTTONWOOD MALL; HEITMAN PROPERTIES OF NEW MEXICO, LTD., owner of CORONADO CENTER, and d/b/a CORONADO CENTER; PRUDENTIAL INSURANCE COMPANY OF AMERICA, owner of WINROCK CENTER, and d/b/a WINROCK CENTER; and the CITY OF ALBUQUERQUE,<br><br>    Defendants. | No. CIV 98-1544 PK/DJS |

MEMORANDUM OPINION AND ORDER

    THIS MATTER comes on for consideration of the Motion to Dismiss filed April 27, 1999 (doc. 22) by Defendant Simon Property Group, LP, ("Simon

Property Group"), successor to Simon DeBartolo Group, Inc., owner of Cottonwood Mall. Defendant Prudential Insurance Company of America ("Prudential"), owner of Winrock Center, concurs in Simon Property Group's motion and has filed a memorandum in support. See Response Memorandum filed Apr. 27, 1999 (doc. 25). The court, being advised fully in the premises,[1] finds that the motion should be denied at this time.

## Background

Plaintiff Southwest Community Resources, Inc. ("SWCRI"), a not-for-profit organization, and Plaintiff Jeanne Gauna, Co-Director of a SWCRI project known as the Southwest Organizing Project ("SWOP"), seek declaratory and injunctive relief and attorney's fees from the City of Albuquerque and the owners of three regional shopping malls located in or around Albuquerque, New Mexico. Specifically, Plaintiffs seek a declaratory judgment that they "have a constitutional right peacefully to distribute leaflets, picket, non-disruptively demonstrate, and speak to passersby in the common areas, sidewalks, and parking lots of the malls." Complaint filed Dec. 21, 1998 at 14 (doc. 1). They also seek "[a]n injunction preventing Defendants from interfering with Plaintiffs' peaceful

---

[1] Although the court appreciates the willingness of counsel to be available for oral argument, the court concludes that oral argument would not be of material assistance in the determination of this motion. The motion will therefore be decided on the briefs. See D.N.M. LR-Civ. 7.8(a).

and protected expressive activities in the common areas, sidewalks, and parking lots of the malls." Id.

Plaintiffs allege that they requested permission to distribute leaflets about matters of public concern, including discriminatory treatment of Hispanic youth by mall management, and either were directly denied permission or required to undergo an onerous application process in which mall management had unlimited discretion to reject their request based upon content. See id. at 11. On at least one occasion, the management of Cottonwood Mall informed Plaintiffs that the Albuquerque Police Department would arrest them for criminal trespass if they attempted to distribute leaflets in the mall's common areas. See id.

Plaintiffs concede, as they must, that Cottonwood Mall is privately owned and operated by Defendant Simon Property Group. However, they allege that the Defendants engaged "in a pattern of cooperative endeavors in their malls with governmental entities and personnel" that essentially constituted a dedication of the malls to public use. Id. at 2. They contend that the court should not consider the malls to be exclusively private property because government entities operate offices or functions on-site, including bus stops, early polling places, field offices of the state motor vehicle division, a post office, and police department substations. Id. at 5. They allege that "[t]he state, local, and federal authorities whose activities take place in the malls, and who have rented space in the malls, have delegated in whole or in part to mall management and security the function

of controlling access to [government] offices and activities . . . in the mall." Id. at 6. Yet in explaining why the City of Albuquerque was joined as a defendant, Plaintiffs allege that "it is the policy of the . . . Albuquerque Police Department . . . to actively assist the owners of the malls in enforcing the mall owners' prohibition of, and/or illegal restrictions on, the exercise of Plaintiffs' [First Amendment rights]." Id. at 2.

Discussion

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and may grant the motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Notice pleading does not require detailed factual allegations; all that is required is a concise statement of the claim that will provide a defendant notice of the claim and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957).

Privately-owned shopping malls do not constitute traditional public fora that citizens have a First Amendment right to enter for the purpose of engaging in expressive activity. See Hudgens v. National Labor Rel. Bd., 424 U.S. 507, 520-21 (1976); Lloyd Corp. v. Tanner, 407 U.S. 551, 570 (1972). In this context, the

court must decide whether the complaint would allow Plaintiffs to prove any set of facts establishing that the shopping malls have been dedicated to public use. See Lloyd Corp., 407 U.S. at 570; Hawkins v. City and County of Denver, 170 F.3d 1281, 1288 (10th Cir. 1999).

Plaintiffs argue that Defendant Simon Property Group is engaged in state action. See Plaintiffs' Memorandum in Opposition to Simon DeBartolo Group's Motion to Dismiss filed April 27, 1999 at 6, 12-13 (doc. 24). The Tenth Circuit has identified various tests used by the Supreme Court to assess the existence of state action. See Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). However, further factual development is needed to determine which of these tests, if any, apply. While a mere lease between a governmental body and a private party does not in and of itself constitute state action, see id. at 1451, 1453, the Plaintiffs have alleged facts which, given the standard for a 12(b)(6) dismissal, preclude dismissal at this time.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant Simon Property Group's Motion to Dismiss filed April 27, 1999 (doc. 22) is denied.

IT IS FURTHER ORDERED that the Unopposed Motion for Oral Argument on Defendant Simon DeBartolo Group, Inc.'s Motion to Dismiss filed June 15, 1999 (doc. 31) is denied.

DATED this 16th day of June, 1999 at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

Emily A. Franke and Robert T. Booms, Butt, Thornton & Baehr, P.C., Albuquerque, New Mexico, and Joseph Aviv and Bruce L. Segal, Miro Weiner and Kramer, a professional corporation, Bloomfield Hills, Michigan, for Defendant Simon Property Group, LP.

Norman S. Thayer, Frank C. Salazar and Cameron Peters, Sutin, Thayer & Browne, a Professional Corporation, Albuquerque, New Mexico, for Defendant Prudential Insurance Company of America.

John W. Boyd, Scott M. Davidson and Eric J. Knapp, Freedman Boyd Daniels Hollander Goldberg & Cline, P.A., Albuquerque, New Mexico; Phillip B. Davis, Co-Legal Director, American Civil Liberties Union of New Mexico, Albuquerque, New Mexico; and Kathryn A. Hammel, Cates & Hammel, P.C., Los Lunas, New Mexico, for Plaintiffs.